**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATRICIA DANIELS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 26-249 (RJL) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
(June 22, 2026) [Dkt. #6]

Plaintiff Patricia Daniels ("plaintiff" or "Daniels") sued the Washington Metropolitan Area Transit Authority ("defendant" or "WMATA") seeking compensatory damages for injuries she sustained while riding on a WMATA bus in Washington, D.C. *See* Compl. [Dkt. #1-5]. Daniels asserts three claims against WMATA for negligence (Count I), negligent operation of a motor vehicle (Count II), and respondeat superior liability (Count III). *Id.* WMATA now moves to dismiss Counts II and III of the complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") [Dkt. #6]. Plaintiff did not respond to defendant's motion. Upon consideration of the pleadings and the applicable law, I will **GRANT** defendant's partial motion to dismiss.

1

## BACKGROUND

The facts, as alleged by plaintiff, are as follows. On August 6, 2024, Daniels boarded a WMATA bus in Washington, D.C. Compl. ¶ 6. The bus moved forward while Daniels was still walking towards a seat, causing her to lose her balance and fall into a metal pole. *Id.* ¶¶ 7–9. Daniels injured her neck and shoulder during the fall. *Id.* ¶ 10.

On December 30, 2025, Daniels sued WMATA in D.C. Superior Court. *See* Compl. The complaint sets forth three claims: negligence (Count I), negligent operation of a motor vehicle (Count II), and respondeat superior liability (Count III). *Id.* On January 29, 2026, WMATA removed the case to this Court. *See* Notice of Removal [Dkt. #1]. WMATA then filed the instant partial motion to dismiss on February 5, 2026. *See* Def.'s Mot. Defendant moves to dismiss Count II as duplicative of Count I and Count III for failing to state an independent cause of action. Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") [Dkt. #6-1] at 1. Daniels did not respond to defendant's motion, which is now ripe for review.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *id.* at 555, "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56 (quoting

2

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  A court need not accept as true legal conclusions set forth in a complaint.  *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

**I.    Count II: Negligent Operation of a Motor Vehicle**

Defendant first claims that Count II of the complaint, which alleges "negligent operation of a motor vehicle," should be dismissed under Rule 12(b)(6) as duplicative of Count I, a general negligence claim.  Def.'s Mem. at 3.

"Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Alberti v. Dist. of Columbia*, 2026 WL 369623, at *12 (D.D.C. Feb. 10, 2026) (quoting *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010)).  "As a matter of judicial economy," claims that are duplicative of others in the same suit should be dismissed.  *Wultz*, 755 F. Supp. 2d at 81.

Here, Counts I and II of plaintiff's complaint rely on the same theory of liability. Both claims would be evaluated under a negligence standard: whether WMATA owed plaintiff a duty of care, breached that duty, and proximately caused plaintiff's injuries.  *See, e.g., Robinson v. WMATA*, 858 F. Supp. 2d 33, 39 (D.D.C. 2012) (evaluating plaintiff's claim for "negligent operation" of a bus under the traditional negligence standard).  The two counts also rely on identical factual allegations.  In each count, plaintiff alleges that the WMATA bus driver suddenly jerked the bus forward while plaintiff was boarding, causing her to lose her balance, strike a pole, and injure her shoulder and neck.  Compl. ¶¶ 14–20, 22–28.  *See Sandler v. Blinken*, 2022 WL 4547557, at *7 (D.D.C. Sept. 29, 2022)

3

(dismissing claims that are "evaluated under identical legal standards," and "stem from the same factual allegations").

Because Count II merely restates plaintiff's negligence claim under a different label, I will dismiss Count II under Rule 12(b)(6).

## II.    Count III: Respondeat Superior Liability

Defendant next contends that Count III of the complaint, which alleges "respondeat superior liability," should be dismissed because vicarious liability is not an independent cause of action under D.C. law. Def.'s Mem. at 3–4. I agree.

Respondeat superior is a doctrine that allows an employer to be held vicariously liable for the "acts of his employees committed within the scope of their employment." *Kambala v. Checci & Co. Consulting, Inc.*, 280 F. Supp. 3d 131, 143 (D.D.C. 2017) (quoting *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 757 (D.C. 2001)). However, respondeat superior is not an "independent tort claim, but rather a legal theory of vicarious liability that transfers liability from an agent to its principals." *Lewis v. Dist. of Columbia*, 768 F. Supp. 3d 76, 114–15 (D.D.C. 2025) (quoting *Jefferson v. Dist. of Columbia*, 2023 WL 4250118, at *4 (D.D.C. June 29, 2023)); *see also Brooks v. Dist. of Columbia*, 2006 WL 3361521, at *6 (D.D.C. Nov. 20, 2006) ("It is clearly-established law that respondeat superior is not a separate cause of action").

Courts routinely reject attempts to plead respondeat superior as a standalone cause of action while permitting the underlying tort claims to proceed under a theory of vicarious liability. *See, e.g.*, *Brooks*, 2006 WL 3361521, at *6. Accordingly, plaintiff may pursue a

4

vicarious liability theory against WMATA within the remaining negligence claim (Count I), but not as a separate count.

## CONCLUSION

For the foregoing reasons, I hereby **GRANT** defendant's motion to dismiss Counts II and III of the complaint.   An Order consistent with the above accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

5